UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr134-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| JUAN GILBERTO VILLALOBOS, | ) | |
| | ) | |
| Defendant. | ) | |

In the Third Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 18 U.S.C. § 924(d), as incorporated by 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. At trial, the Defendant waived a jury determination on forfeiture. He was subsequently convicted by on Count Sixty-Nine, among others, and was adjudged guilty of the offense charged in that count. (Doc. No. 847: Verdict).

On September 23, 2010, the Government moved for a preliminary order of forfeiture (Doc. No. 1249: Motion), to which the Defendant has not responded. Based on the jury's verdict and the evidence already in the record, the Court finds that the Government has established the requisite nexus between the property and such offense. It is therefore ORDERED:

1. Based upon the Defendant's convictions, the United States is authorized to seize the following property belonging to the Defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**One Remington .22 rifle and ammunition**.

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: March 2, 2011

Robert J. Conrad, Jr.
Chief United States District Judge